Karimah J. Lamar, Bar No. 246862
klamar@littler.com
Stephanie A. Kierig, Bar No. 312294
skierig@littler.com
LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, California 92101.3577
Telephone:    619.232.0441
Fax No.:        619.232.4302

Attorneys for Defendant
GREYHOUND LINES, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN McCALL,<br><br>                    Plaintiff,<br><br>          v.<br><br>GREYHOUND LINES, INC., a Delaware corporation; and DOES 1 through 50, inclusive,<br><br>                    Defendants. | Case No.    2:24-at-1109<br><br>*[Removed from Yolo County Superior Court Case No. CV2024-1873]*<br><br>**DEFENDANT GREYHOUND LINES, INC.'S NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION**<br><br>**[28 U.S.C. §§ 1332, 1441, and 1446]**<br><br>Trial Date:        Not Yet Set<br>Complaint Filed:    July 25, 2024 |

NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Defendant GREYHOUND LINES, INC. ("Defendant") hereby removes the above-entitled action from the Superior Court for the State of California, County of Yolo, to the United States District Court for the Eastern District of California, pursuant to 28 U.S.C. sections 1441 and 1446. Removal is based upon the original jurisdiction of this Court over the Parties under 28 U.S.C. section 1332(a).

## STATEMENT OF JURISDICTION

1. This Court has original jurisdiction over this action under the diversity of citizenship statute. *See* 28 U.S.C. § 1332(a). In relevant part, the diversity statute grants district courts original jurisdiction over civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. As set forth below, this case meets all of the diversity statute's requirements for removal and is timely and properly removed by the filing of this Notice. *See* 28 U.S.C. §§ 1332, 1441, and 1446.

## VENUE

2. This action was filed in the Superior Court for the State of California, Yolo County. Venue properly lies in the United States District Court for the Eastern District of California, pursuant to 28 U.S.C. sections 84(b), 1391(b), and 1441(a), and 1446(a).

## PROCESS, PLEADINGS, AND ORDERS

3. On July 25, 2024, Plaintiff ALLEN McCALL ("Plaintiff") filed a Verified Complaint for Damages and Demand for Jury Trial (the "Complaint") against Defendant in the California Superior Court for the County of Yolo entitled *Allen McCall v. Greyhound Lines, Inc.*, Yolo County Superior Court Case No. CV2024-1873 (the "State Court Action"). (*See* Declaration of Stephanie A. Kierig in Support of Notice of Removal to Federal Court ("Kierig Decl."), ¶ 2, **Exhibit A**.)

4. Defendant was served with the Summons and Complaint on August 14, 2024 via Notice and Acknowledgment of Receipt. Included in the documents attached to the Declaration of Stephanie A. Kierig as **Exhibit A** are true and correct copies of the Summons and Complaint filed by Plaintiff

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
619.232.0441

NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION                    2

in Yolo County Superior Court, and the notice of service of process served by Plaintiff through CT Corporation System.  (Kierig Decl., ¶¶ 2-3, **Exhibit A**.)  Attached to the Declaration of Stephanie A. Kierig as **Exhibit B** is a true and correct copy of the Acknowledgment of Receipt that Defendant executed and returned on August 14, 2024.  (Kierig Decl., ¶ 4, **Exhibit B**.)

5.    As required by 28 U.S.C. section 1446(a), all process, pleadings, and orders served upon Defendant in the State Court Action are attached to the Declaration of Stephanie A. Kierig. (Kierig Decl., ¶ 6.)

## INDIVIDUAL AND DOE DEFENDANTS

6.    No individual defendants are named in this action.  Defendant is informed and believes that none of the Doe defendants in this case have been identified or served. As such, they need not join or consent in this Notice of Removal and are to be disregarded for the purpose of removal.  *See* 28 U.S.C. § 1441(b); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690 (9th Cir. 1998).

## TIMELINESS OF REMOVAL

7.    This Notice of Removal is timely.  Under 28 U.S.C. section 1446(b), the notice of removal of a civil action must be filed within 30 days after service of the summons and complaint. *See also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc*., 526 U.S. 344, 354 (1999) (the 30-day removal period runs from the service of the summons and complaint and informal receipt of summons and complaint is insufficient to trigger removal period).

8.    Plaintiff served the Summons and Complaint with a Notice and Acknowledgment of Receipt upon Defendant's agent for service of process, CT Corporation System, on July 30, 2024. (*See* Kierig Decl., ¶ 3.)  Defendant returned the Notice and Acknowledgment of Receipt on August 14, 2024.  (*Id.*, ¶ 4, **Exhibit B**.)  Thus, the 30-day deadline to file a Notice of Removal in this case falls on September 13, 2024.  *See* Fed. R. Civ. P. 6.

9.    This Notice of Removal is timely under 28 U.S.C. section 1446(b), as it is being filed within 30 days of service of the Complaint and within one year after commencement of this action. (*See* Kierig Decl., ¶ 4.)

///

///

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
619.232.0441

NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION                3

**DIVERSITY JURISDICTION**

10.     Any civil action commenced in state court is removable if it could have been brought originally in federal court.  *See* 28 U.S.C. § 1441(a).  In order to remove a case to federal court on diversity grounds, two basic elements must be satisfied: (1) complete diversity must exist between the parties (*i.e.*, Plaintiff and Defendant must be "citizens" of different states); and (2) the amount in controversy must exceed $75,000, exclusive of interest and costs.  *See* 28 U.S.C. § 1332.

11.     This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. section 1332 and which may be removed to this Court by Defendant pursuant to 28 U.S.C. section 1441(a) based on the existence of complete diversity of citizenship between the real parties to this action and the fact that the amount in controversy exceeds $75,000, exclusive of interests and costs, as set forth below.

**A.     COMPLETE DIVERSITY OF CITIZENSHIP EXISTS.**

*1.     Plaintiff Is A Citizen Of The State of California.*

12.     Diversity of citizenship exists so long as no plaintiff is a citizen of the same state as any defendant at the time the action was filed and at the time of removal.  For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled.  *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  Residence is prima facie evidence of domicile.  *See Marroquin v. Wells Fargo, LLC*, 2011 U.S. Dist. LEXIS 10510, **3-4 (S.D. Cal. Feb. 3, 2011); *Smith v. Simmons*, 2008 U.S. Dist. LEXIS 21162, *22 (E.D. Cal. March 18, 2008) (place of residence provides "prima facie" case of domicile); *see also State Farm Mutual Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519-20 (10th Cir. 1994) (allegation by party in state court Complaint of residency "created a presumption of continuing residence in [state] and put the burden of coming forward with contrary evidence on the party seeking to prove otherwise").

13.     Here, at the time Plaintiff commenced this action and, upon information and belief, at the time of removal, Plaintiff resided in the State of California.  (*See* Declaration of Latoya Smith ("Smith Decl."), ¶ 2.)  Therefore, Plaintiff is a citizen of California.

///

///

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
619.232.0441

NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION                    4

**2.      *Defendant Is Not A Citizen Of The State Of California.***

14.      Defendant is not a citizen of California.  For the purposes of diversity jurisdiction, a corporation is a citizen of the state of its incorporation and the state where it has its principal place of business.  *See* 28 U.S.C. § 1332(c)(1).  The principal place of business means the place where the cardinal activities take place, such as high-level planning, directing, and coordinating corporate strategy and daily activities.  *See Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

15.      Defendant is incorporated under the laws of the State of Delaware and has its principal place of business in Dallas, Texas.  (Declaration of Lisa M. Zemanek ("Zemanek Decl."), ¶ 2.) Defendant's headquarters are in Dallas, Texas.  Defendant's executive leadership team works primarily in Dallas, Texas, and it is the primary location where Defendant's high-level operational strategic decisions are made.  (*Id.*)  Defendant's primary nerve center is in Dallas, Texas.  Accordingly, Defendant is a citizen of Delaware and Texas for purposes of diversity jurisdiction.  28 U.S.C. § 1332(a)(1); *Hertz Corp.*, 559 U.S. at 92-93.

**3.      *Complete Diversity Is Satisfied.***

16.      Because Plaintiff is a citizen of the State of California and Defendant is not a citizen of California, but rather, is a citizen of Delaware and Texas, complete diversity exists.

**B.      THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.**

17.      Defendant need only establish by a preponderance of the evidence that Plaintiff's claimed damages exceed the jurisdictional minimum of $75,000.  *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).  Where removal is based on diversity of citizenship and the initial pleading seeks a money judgment, but does not demand a specific sum, "the notice of removal may assert the amount in controversy."  28 U.S.C. § 1446(c)(2).  Further, the United States Supreme Court has held that under 28 U.S.C. section 1446(a), a defendant seeking to remove a case to federal court need only file "a notice of removal 'containing a short and plain statement of the grounds for removal.'"  *Dart Cherokee Basin Operating Co. LLC v. Owens*, 574 U.S. 81, 87 (2014).  Such language tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure, that "[a] statement 'short and plain' need not contain evidentiary submissions."  *Id*.  Thus, Defendant "need include only a plausible allegation that the amount in controversy exceeds the

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
619.232.0441

NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION                    5

jurisdictional threshold." *Id*. at 89.

18.     Here, the Court can reasonably ascertain from Plaintiff's Complaint and its Prayer for Relief that the amount in controversy exceeds $75,000, exclusive of interest and costs. Indeed, Plaintiff filed the State Court Action as an Unlimited Civil Case, thereby claiming damages in excess of $35,000. *See Singer v. State Farm Mutual Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) ("The district court may consider whether it is facially apparent from the complaint that the jurisdictional amount is in controversy.") (internal citations and quotations omitted); *see also* Kierig Decl., **Exhibit A** [Complaint, p. 1]).

19.     For purposes of determining whether the amount in controversy has been satisfied, the court must presume that the plaintiff will prevail on their claims. *See Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994) [stating the amount in controversy analysis presumes that "plaintiff prevails on liability."]).  The ultimate inquiry is the amount that the Complaint puts "in controversy," and not how much, if anything, Defendant will actually owe. *See Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005); *see also Scherer v. Equitable Life Assurance Soc'y of the United States*, 347 F.3d 394, 397-99 (2d Cir. 2003) (recognizing that the ultimate or provable amount of damages is not what is considered in the removal analysis; rather, it is the amount put in controversy by the plaintiff's complaint).  "The amount in controversy for jurisdictional purposes is determined by the amount of damages or the value of the property that is the subject of the action." *Meisel v. Allstate Indem. Co.*, 357 F. Supp. 2d 1222, 1225 (E.D. Cal. 2005).  Further, "[i]n determining the amount in controversy, a court may consider compensatory and punitive damages, as well as attorney fees, but may not consider interest and costs of suit." *Id.*

20.     Although Defendant denies Plaintiff's claims have merit or that he is entitled to any relief whatsoever, were Plaintiff to prevail on the claims asserted in the Complaint, he would be entitled to, and is anticipated to seek, recovery for an amount exceeding the jurisdictional threshold of $75,000, exclusive of interest and costs.  Specifically, were Plaintiff to prevail on every claim asserted, the amount in controversy constitutes not less than the following:

///

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
619.232.0441

NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION                    6

a. Over $58,000 in back wages, measured from the date of Plaintiff's separation on or about February 29, 2024 through an anticipated trial date no sooner than August 2025 (*see* ¶ 24, *infra*);

b. Over $39,000 or a conservative 52 weeks' continued wage loss post-trial that Plaintiff is anticipated to seek for future claimed wage loss (*see* ¶ 27, *infra*);

c. Emotional distress damages;

d. Punitive damages; and

e. Reasonable attorneys' fees and costs.

### 1.   Special Damages – Past Lost Earnings

21.   Plaintiff seeks "general, special, and consequential damages."  (*See* Kierig Decl., **Exhibit A** [Complaint, Prayer for Relief, ¶ 1].)  Specifically, Plaintiff's Complaint asks the Court to award lost wages, lost benefits, liquidated damages, penalties, restitution, emotional distress, attorneys' fees and costs, prejudgment interest, punitive damages, and additional relief as the Court deems proper.  (*See id.*, ¶¶ 2-14.)

22.   If Plaintiff prevails on his claims under the Fair Employment and Housing Act (Cal. Gov. Code §§ 12900, *et seq.*) ("FEHA"), he may recover the amount he would have earned up through the date of trial, including any benefits or pay increases.  *See* Cal. Gov. Code § 12965; *see also Lowe v. California Resources Agency*, 1 Cal. App. 4th 1140, 1144, fn. 3 (1991) (back pay includes not only lost wages, but also any employment benefits the plaintiff lost as a result of the unlawful conduct).

23.   During his employment, Plaintiff worked full time and he earned $18.80 per hour. (Smith Decl., ¶ 3.)  Thus, in the approximately 25 weeks between the end of Plaintiff's employment on or about February 29, 2024, and the date of this removal, Plaintiff's alleged past lost wages are estimated to be at least **$19,552.00** ($18.80/hour * 40 hours * 26 weeks).[1]

///

///

---

[1] The alleged damages calculations contained herein are for purposes of this Notice of Removal only and shall not serve as admissions or concessions that Plaintiff is entitled to damages in the amounts listed.  Defendant denies that Plaintiff is entitled to any relief whatsoever and expressly reserves the right to challenge Plaintiff's alleged damages in this case.

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
619.232.0441

NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION

7

24.    Assuming a case disposition timeline of 12 months from removal, Plaintiff's claim for lost wages to that point would amount to roughly **$58,656.00** ($18.80/hour * 40 hours * 78 (26 + 52) weeks).  If this matter takes two years to conclude (which is not an unreasonable assumption if the case goes to trial), Plaintiff's claim for lost wages would thus amount to approximately **$97,760.00** ($18.80/hour * 40 hours * 130 (26 + 104) weeks).  Even applying the one-year time period above to the conclusion of the case, the minimum threshold amount in controversy is exceeded by Plaintiff's wage loss claim alone.

### 2.    Special Damages – Future Lost Earnings/Earning Capacity

25.    In addition to past wage loss, if Plaintiff prevails on his FEHA claims, he may recover "the present cash value of any future wages and benefits that he would have earned for the length of time the employment was reasonably certain to continue." *See Ramos v. Superior Court*, 28 Cal. App. 5th 1042, 1060-61, fn. 8 (2018); *see also Pollard v. E. I. du Pont de Nemours & Co.*, 532 U.S. 843, 846 (2001) (front pay may be awarded as a substitute for reinstatement).  In determining the amount of time the employment was reasonably certain to continue, the court considers the plaintiff's age, work performance, intent, Defendant's prospects for continued operations, and any other factor that bears on how long Plaintiff would have continued to work for Defendant.  *See Toscano v. Greene Music*, 124 Cal. App. 4th 685, 695-97 (2004).

26.    Previous awards of front wages in California have spanned several years.  *See Smith v. Brown-Forman Distillers Corp.*, 196 Cal. App. 3d 503, 518 (1987) (front pay until mandatory retirement age reached); *Rabaga-Alvarez v. Dart Industries*, *Inc.*, 55 Cal. App. 3d 91, 97-99 (1976) (four years).  The guiding principle is the time that the plaintiff was reasonably certain to have continued employment with the defendant.  Front pay is a temporary and transitional remedy measured by the employee's projected earnings until he is likely to be reemployed.  *Contract Damages*, Cal. Prac. Guide Employment Litigation Ch. 17-B.  "The U.S. Supreme Court has cited with apparent approval lower court cases upholding front pay awards 'equal to the estimated present value of lost earnings that are reasonably likely to occur between the date of judgment and the time when the employee can assume his new position.'"  *Id.* (quoting *Pollard*, *supra*, 532 U.S. at 849-850).

///

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
619.232.0441

NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION                8

27.    Here, Plaintiff was a full-time employee.  Conservatively estimating that Plaintiff would only have remained employed for at least a one-year period post-trial, the front pay calculation adds an additional **$39,104.00** ($18.80/hour * 40 hours * 52 weeks) to the amount in controversy.

### 3.    Emotional Distress Damages

28.    Plaintiff also seeks to recover for "emotional distress." (*See* Kierig Decl., **Exhibit A** [Complaint, ¶¶ 20, 29, 37, 46, and 54].)   These alleged damages are included in the amount in controversy calculation.  *See Cain v. Hartford Life & Acc. Ins. Co.*, 890 F. Supp. 2d 1246, 1250 (C.D. Cal. 2012); *Velez v. Roche*, 335 F. Supp. 2d 1022, 1038-40 (N.D. Cal. 2004) (surveying discrimination and harassment cases awarding emotional distress damages and concluding that "substantial jury awards of hundreds of thousands of dollars for non-economic damages have been upheld where there is evidence . . . that the plaintiff suffered heightened mental anguish").  An award of damages for emotional distress can be anticipated to reasonably exceed the jurisdictional minimum.  *See Simmons v. PCR Technology*, 209 F. Supp. 2d 1029, 1034 (N.D. Cal. 2002) (citing case in which an award for pain and suffering in an employment discrimination case totaled $3.5 million and recognizing that "emotional distress damages in a successful employment discrimination case may be substantial").

29.    In *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005), the Ninth Circuit found that the district court's conclusion that the plaintiff's "emotional distress damages would add at least an additional $25,000 to her claim" was not clearly erroneous, where she had only $55,000 in lost wages, thus satisfying the amount in controversy requirement "even without including a potential award of attorney's fees." Based on *Kroske*, an additional $25,000 amount in controversy figure would be a reasonable assessment here.  However, as the amount in controversy is already well above $75,000, Defendant does not derive a precise figure for emotional distress damages for the purposes of this Notice of Removal.  If the amount in controversy is challenged, Defendant will provide a more precise figure.

### 4.    Punitive Damages

30.    Plaintiff also seeks punitive damages.  (*See* Kierig Decl., **Exhibit A** [Complaint, ¶¶ 21, 30, 38, 47, 55, and Prayer for Relief, ¶ 11].)   California provides for punitive damages "where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
619.232.0441

NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION

9

malice." Cal. Civ. Code § 3294(a). Punitive damages may be included in calculating the amount in controversy. *See Davenport v. Mutual Benefit Health & Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945-46 (9th Cir. 2001). California law does not provide any specific monetary limit on the amount of punitive damages that may be awarded under California Civil Code section 3294, and the proper amount of punitive damages under California law is based on the reprehensibility of the defendant's misdeeds, the ratio between compensatory and punitive damages, and ratio between damages and the defendant's net worth. *See Boyle v. Lorimar Prods., Inc.*, 13 F.3d 1357 (9th Cir. 1994). A single-digit ratio (*i.e.*, no more than nine-to-one) of compensatory to punitive damages is more likely to comport with due process. *See State Farm Mutual Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003).

31.    Here, Plaintiff contends he suffered from a workplace injury that resulted in his need for accommodations and a medical leave of absence. (*See* Kierig Decl., **Exhibit A** [Complaint, ¶¶ 7-10].) Plaintiff contends that Defendant wrongfully terminated his employment when he was on approved medical leave. (*Id.*, ¶¶ 9-10.) Plaintiff alleges that he is entitled to recover punitive damages because Defendant "acted fraudulently, maliciously, and oppressively with a conscious, reckless and willful disregard, and/or with callous disregard of the probable detrimental and economic consequences to Plaintiff." (*Id.*, ¶¶ 21, 30, 38, 47, 55.) Jury verdicts in similar California cases involving punitive damages awards show a potential amount in controversy well above $75,000 here.

32.    For instance, in *Roby v. McKesson Corp.*, 47 Cal. 4th 686, 695 (2009), the plaintiff alleged that her employer refused to accommodate her panic attacks by permitting her to be absent without notice, and ultimately terminated her employment for violating its attendance policy. The plaintiff asserted claims under the FEHA for disability discrimination and harassment, failure to accommodate, and wrongful termination. *Id.* at 697. The jury returned a verdict for the plaintiff and awarded punitive damages of $15 million against the employer. *Id.* at 700. The intermediate appellate court reduced the punitive damages award to $2 million, and the California Supreme Court further reduced it to $1,905,000 (equal to the compensatory damages award). *Id.* at 718.

///

///

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
619.232.0441

NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION                    10

33.    In *McGee v. Tucoemas Federal Credit Union*, 153 Cal. App. 4th 1351, 1355 (2007), the plaintiff alleged that her employer required her to return to work after four months following breast cancer treatments and told her she would be terminated if she needed more time off work.  When the plaintiff requested to be permitted to work from home, her request was denied.  *Id.*  Upon returning to work, she was demoted to a position that involved greater physical demands.  *Id.* at 1355-56.  The plaintiff resigned her position due to stress and then sued the employer-defendant, alleging claims of disability discrimination, failure to provide a reasonable accommodation, and failure to engage in the interactive process.  *Id.* at 1356.  The jury returned a verdict for the plaintiff and awarded her $1.2 million in punitive damages against the defendant.  *Id.*  The appellate court affirmed the jury's punitive damages award.  *Id.* at 1363.

34.    Although Defendant disputes any alleged discrimination took place here or that Plaintiff may recover any amount in punitive damages in this case, for purposes of establishing an amount in controversy for this removal, the *Roby* and *McGee* decisions illustrate that a punitive damages award could alone exceed $1 million.

### 5.    Attorneys' Fees

35.    Finally, Plaintiff seeks to recover attorneys' fees and costs.  (*See* Kierig Decl., **Exhibit A** [Complaint, ¶¶ 19, 28, 36, 45, 53, 59, 64, 71, 75, 82, 88, Prayer for Relief, ¶ 8].)  Plaintiff's Complaint alleges violations of the FEHA, as well as various California Labor Code provisions, which authorize an award of reasonable attorneys' fees to a prevailing plaintiff.  *See* Cal. Govt. Code §12965(b); Cal. Lab. Code § 218.5.  Such fees cannot yet be calculated precisely, but in some single-plaintiff discrimination cases, fees have exceeded compensatory damage awards.  *Simmons*, 209 F. Supp. 2d at 1035 ("attorneys' fees in individual discrimination cases often exceed the damages").

36.    The Ninth Circuit recently held that "the amount in controversy includes all relief claimed at the time of removal to which the plaintiff would be entitled if she prevails." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 418 (9th Cir. 2018).  This amount includes future attorney's fees.  *Fritsch v. Swift Transp. Co. of Ariz. LLC*, 899 F.3d 785, 794 (9th Cir. 2018) ("[T]here is no question that future [attorney's fees] are 'at stake' in the litigation[.]"); *see also Simmons*, *supra*, at 1035 (noting that an estimate of attorney's fees for this purpose includes all reasonably anticipated

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
619.232.0441

NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION

11

fees over the life of the case). Accordingly, the Court may consider these fees when determining the amount in controversy. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("[W]here an underlying statute authorizes an award of attorney's fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy.").

37. In determining whether the amount in controversy exceeds $75,000, the Court may also estimate the amount of reasonable attorney's fees likely to be recovered by a plaintiff if he were to prevail on her claims. *See Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1010-1011 (N.D. Cal. 2002). At a conservatively assumed rate of $300 per hour, Plaintiff's counsel would need to spend only 250 hours of attorney time (a conservative estimate of time spent from inception through trial) to incur $75,000 in reasonable attorneys' fees (*i.e.*, 250 hours x $300/hour = $75,000). Accordingly, an attorney's fees award in this case could easily reach and, in fact, reasonably exceed the requisite **$75,000** amount in controversy. Upon information and belief, Defendant anticipates opposing counsel will request substantially higher fees through trial, including expert and related court costs, if Plaintiff prevails on his claims. If the amount in controversy is challenged, Defendant will provide more specificity.

## NOTICE TO PLAINTIFF AND STATE COURT

38. Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Eastern District of California, as required by 28 U.S.C. section 1446(d), Defendant will promptly provide written notice of this Notice of Removal to Kelsey A. Webber, Douglas M. Egbert, and Lena K. Foellmer of Webber & Egbert Employment Law, P.C., counsel for Plaintiff, and will also promptly file a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California, County of Yolo.

///

///

///

///

///

///

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
619.232.0441

NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION

12

## **CONCLUSION**

WHEREFORE, having fulfilled all statutory requirements, Defendant removes this action from the Superior Court of the State of California, County of Yolo, to the Eastern District of California, and requests that this Court assume full jurisdiction over this matter as provided by law.

Dated: August 29, 2024

/s/ Stephanie A. Kierig
Karimah J. Lamar
Stephanie A. Kierig
LITTLER MENDELSON, P.C.
Attorneys for Defendant
GREYHOUND LINES, INC.

4882-3583-3050.1 / 070992-1100

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
619.232.0441

NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION                13